## P. Neafie *against* J. Neafie and others.

A bill regularly dismissed on the merits, may be pleaded in bar of a new bill for the same matter; but to make a decree of a dismissal of a bill on the merits, a bar, it must be an absolute decision upon the same point or matter, and the new bill must be brought by the same plaintiff who filed the original bill, or his representatives, against the same defendant, or his representatives. If the defendant in the original suit, having since acquired a legal estate or legal advantage, files his bill against the former plaintiff, the cause is opened on its merits.

THE bill (filed *January* 18, 1819,) stated, that in 1803, *John Neafie*, lately deceased, father of the plaintiff, made a verbal agreement for the purchase of a farm in *Orange* county, containing 518 acres, for 8500 dollars, and told the plaintiff that he intended to have the contract in the plaintiff's name, having promised to purchase a farm for him; that a written contract for the purchase was executed

1823.

NEAFIE
v
NEAFIE.

January 4th.

VOL. VII.                    1

1823.

NEAFIE
v.
NEAFIE.

accordingly on the 17th of *March*, 1803, between the plaintiff and *S. Livingston ;* and *J. N.* having, afterwards, paid the purchase money according to the contract, *S. L* executed a deed in fee of the farm to the plaintiff, and delivered the deed to *J. N.*, who gave his note for the balance. That the plaintiff and *J. N.* agreed to live on the farm together ; but in 1804, the plaintiff moved off, which offended *J. N.*, and his affection became alienated.   That *A. Dey*, having paid the note, the plaintiff executed a mortgage to him for the amount.   That in 1809, *J N* filed a bill against the plaintiff and *A. Dey*, alleging that the deed to the plaintiff for the farm was in trust for him, *J. N.*, and praying that the plaintiff might be decreed to release and convey the farm to him. That the plaintiff and *A. D.* answered the bill, and denied the trust.   Witnesses were examined, and the cause was heard, on the pleadings and proofs, in 1813, and there was a decree dismissing the bill on the merits, with costs, which decree was enrolled *January* 25, 1813.   The plaintiff insisted, that by this decree his rights were definitively settled.   That *J. N.* had four children besides the plaintiff, and on the 13th of *October*, 1816, made his will, by which he gave the estate to his other children and representatives, appointing the defendants, *J. N.*, *B. Ferris*, and *Walter Cox*, his executors, omitting the plaintiff, and died on the 26th of *October* following, possessed of an unincumbered estate, to the value of 30,000 dollars.   That the executors leased the farm, and the plaintiff took possession under the lessees.   That the executors and devisees have brought an action of ejectment, in which a default has been taken against the plaintiff.   That the executors or devisees have possession of the deed from *S. L.* to the plaintiff, who is thereby prevented from establishing his title at law ; and the defendant, *J. N.*, who said he had the deed, has refused to deliver it up.   That the deed was intended by the testator as an advancement or portion to the plaintiff. *Prayer*, that the defendants be restrained from prosecuting the ac-

tion of ejectment, or issuing execution ; and that the deed be delivered up to the plaintiff, and he be quieted in his possession, and for general relief.   The defendants answer- ed, and proofs were taken in the cause.

1823.

NE·FIE
v.
NE·FIE.

*B. Robinson* and *J. Duer*, for the plaintiff, contended,

1.  That a decree of this court, signed and enrolled be- tween the same parties, was binding and conclusive upon such parties and their representatives, and that the facts thus decided cannot be brought again into discussion.

2.  That a decree having been pronounced in this cause on the merits, between the plaintiff and his father, *J. N*, and enrolled and acquiesced in for above five years, it was con- clusive evidence of the plaintiff's title ; and that he was, therefore, entitled to a perpetual injunction, in the same manner as if his title had been established at law.   They cited 3 *Atk.* 809.   6 *Bro P. C.* (*Tomlin's Ed*) 1, 395. *Dickens*, 388. 678.   2 *Equ. Cas. Abr.* 527.   *Eden on In-junct.* 254.   *Mitf. Pl.* 75. 193.   2 *Vesey*, 232. 577.   2 *Bro. P. C.* 522.

*C. Baldwin*, contra, contended, 1.  That the decree dis- missing the bill of *J. N.* in 1813, did not settle the points in controversy in this suit.

2.  That the plaintiff might and ought to have filed a cross bill, and had the questions settled in such suit.

3.  That if the former decree did settle the questions in controversy, the plaintiff should have availed himself of it in the suit at law.

4.  At any rate, the filing of the bill in this case *opens* the former decree, which is not a bar to the defendants in this cause.

5.  The defendants in this case have the legal advantage, and the plaintiff must show that he has the equitable right, to entitle himself to the aid of this court.

He cited 1 *Vernon*, 244. 310.   2 *Vernon*, 328, 329.

1823.

NEAFIE
v.
NEAFIE.

*Beames' Pleas,* 212. 4 *Johns. Ch. Rep.* 192. 300. 2 *Fonbl. Equ.* ch. 3. s. 1, 2, 3. 1 *Watk.* on *Copyholds,* 216. 1 *Atk.* 571. 11 *Johns. Rep.* 191. 2 *Atk.* 480. 2 *Ch. Cases,* 231. 1 *P. Wms.* 108. 1 *Vesey,* 76. *Beames' Orders,* 8. *Hard.* 125. 2 *Freeman,* 32.

THE CHANCELLOR. In this case, proofs have been taken touching the merits, but the counsel for the plaintiffs have stated preliminarily, that the decree mentioned in the pleadings is a conclusive bar to all defence and discussion upon the facts, and that the plaintiff is entitled, as of course, to be quieted in his possession, by a decree for a perpetual injunction. It is contended, on the other side, that the former decree did not settle the questions now in controversy, and that, if it did, the filing of this bill opens the former decree.

A bill regularly dismissed upon the merits may be pleaded in bar of a new bill for the same matter; for if the same matter, or the same title, should be drawn into question again, by another original bill, it would, as the cases say, "introduce perjury, and make suits endless." The cases to this point were referred to in *Perine* v. *Dunn.* (4 *Johnson's Ch. Rep.* 142.) But in the cases I have looked into upon *dismission of former bills,* the new bill was brought by the same party who filed the original bill; and there is said to be a material distinction between a new bill by such a party, and a new bill concerning the same subject by the defendant in the first suit. To make *the dismission of the former suit* a technical bar, it must be an absolute decision upon the same point or matter; and the new bill, it is said, must be by the same plaintiff, or his representatives, against the same defendant, or his representatives. The present bill presents new views of the case, and new and distinct rights are introduced. The defendants in the present bill have acquired, since the former suit, a legal estate, or a legal advantage, by the judgment in the ejectment at law; and this

Court will not lend its aid to the plaintiff to deprive them of that advantage, unless he can show a clear equitable right. A decree *dismissing a bill* upon the merits, does not establish any new right to be carried into effect; it only declares, that the plaintiff has failed to establish the equity which he had set up; and if he has had his claim discussed upon the merits, he ought not to be permitted to sue the defendant again, with a fresh introduction of his claim. But the representatives of the plaintiff in the *former suit* are not plaintiffs in this suit. They have not resorted to this Court for a further discussion of their claim. They have acquired certain rights at law, and they now insist that the defendant in the former suit cannot come here with his original bill, and deprive them of those legal rights, on the fact simply of the former decree; and that, before he can be entitled to a decree declaring and enforcing his rights by process of injunction or execution, he must show and prove them. His pretensions have not been affirmatively established in this Court. He cannot show any rights acquired by the former decree, except simply the right to bar the then plaintiff, or his representatives, from a new bill upon the same matter. That technical bar rests on grounds not applicable to this case. In *Kinsey* v. *Kinsey*, (2 *Vesey*, 577.) a decree in a former suit, in which the then defendant was the plaintiff, was pleaded in bar, and no objection was raised on the fact that the order of the parties was reversed. But that was not the case of a *dismissal* of the former bill: the plaintiff in the second suit had insisted, in his answer in the former suit, on the same matter he had now charged by his bill, and the decree had been against him in favour of the bill. It was, therefore, a bill to introduce, for further discussion, the same claim which he had introduced in the former suit, and upon which the decree had passed against him. The case in point against the pretension now advanced by the plaintiff, is *Sawyer* v. *Bletsoe*, (2 *Vern.* 323. 1 *Vern.* 244. S. C.) *B.* brought his bill, as devisee, to be relieved

1823.

NEAFIE
v.
NEAFIE.

against a recovery in ejectment by *S.* On hearing, he was decreed to pay £100, and on default, the bill was to stand dismissed, with costs; he made default in payment, and the bill was dismissed. *B.* afterwards obtained a conveyance from the heirs, and so gained a title at law; and *S.* brought his bill to have the £100 paid, and set forth the proceedings in the former cause. But the case says, " it was agreed, that notwithstanding the dismission of the bill of *B.*, *S.* being now plaintiff by an original bill, the cause was open, and the merits of the case properly before the Court." The case was afterwards discussed upon the merits, and the bill of *S.* dismissed.

This authority is cited to that point in the late elementary treatises; (2 *Maddock's Tr.* 248. *Beames' Pleas*, 211. note;) and I do not find that it has ever been questioned, or the distinction there taken overruled.

My conclusion, upon examination of the cases, and the grounds upon which they rest, is, that the plaintiff in the present suit must do more than merely show the former decree, before he can entitle himself to the assistance of this Court, according to the prayer of his bill. His bill opens the cause upon the merits; and these merits must be investigated before he can ask for a decree in his favour. The objection to the admissibility of the defence is overruled.

Order accordingly.

N. B. The cause was afterwards directed to be set down for hearing upon the merits.