RUFUS SMITH *vs.* INHABITANTS of BRUNSWICK.

Cumberland. Opinion February 20, 1888.

*New trial. Estoppel. Prior judgment. Former action.*

In an action of case, to recover damages for an alleged injury to the plaintiff's premises, by reason of the wrongful acts of the defendants in constructing a ditch by which, for a period of six years prior to the commencement of the suit, large quantities of water were conducted across the defendants' land and discharged upon and against the premises of the plaintiff, thereby causing his land to be undermined, excavated, and otherwise damaged; *Held*, that a new trial will not be granted, upon a motion to set aside the verdict where the evidence is conflicting, and the case has been left to the determination of the jury under a clear and impartial charge.

Nor does the fact that a verdict has been rendered in favor of the defendants in a former action between the same parties, brought more than six years before the commencement of this suit, necessarily constitute a bar to the present action.

It is not enough, by way of estoppel, to show that the matter in controversy may have been determined in a former litigation between the same parties. It must, in order to constitute a bar, be made to appear affirmatively by legal evidence that it was in fact determined.

ON motion of the defendants to set aside the verdict and for new trial.

The opinion states the case.

*John J. Perry and Dennis A. Meaher*, for the plaintiff.

When a verdict may be set aside. *Elliott* v. *Grant*, 59 Maine, 418 ; *Hunter* v. *Heath*, 67 Maine, 507 ; *Staples* v. *Wellington*, 58, Maine, 453 ; *Enfield* v. *Buswell*, 62 Maine, 128 ; *Glidden* v. *Dunlap*, 28 Maine, 379 ; *Handly* v. *Call*, 30 Maine, 9 ; *Franklin Bank* v. *Pratt*, 31 Maine, 501 ; *West Gardiner* v. *Farmingdale*, 36 Maine, 252 ; *Weld* v. *Chadbourne*, 37 Maine, 221 ; *Coombs* v. *Topsham*, 38 Maine, 204 ; *Bryant* v. *Glidden*, 39 Maine, 458 ; *Hunnewell* v. *Hobart*, 40 Maine, 28 ; *Sawyer* v. *Nichols*, 40 Maine, 212 ; *Milo* v. *Gardiner*, 41 Maine, 549 ; *Hill* v. *Nash*, 41 Maine, 585 ; *Beal* v. *Cunningham*, 42. Maine, 362 ; *Googins* v. *Gilmore*, 47 Maine, 9 ; *Williams* v. *Buker*, 49 Maine, 427 ; *Peabody* v. *Hewett*, 52 Maine, 33 ; *Furnum* v. *Virgin*, 52 Maine, 576 ; *Gleason* v. *Bremen*, 50 Maine, 222 ; *Drown* v. *Smith*, 52 Maine, 141 ; *Stone* v. *Augusta*, 46 Maine, 127 ; *Readfield* v. *Shaver*, 50 Maine, 36 ; *Darby* v. *Hayford*, 56 Maine, 246 ; *Bishop* v. *Williamson*, 8 Maine, 162.

As to flowage of surface water. *Bangor* v. *Lansil*, 51 Maine, 521 ; *Gannon* v. *Hargadon*, 10 Allen, 106 ; *Flagg* v. *Worcester*, 13 Gray, 601 ; *Chase* v. *Silverstone*, 62 Maine, 175 ; *Dickinson* v. *Worcester*, 7 Allen, 22 ; Angell, Watercourse, 6th. ed. 136, 138 ; *White* v. *Chapin*, 12 Allen, 516 ; *Miller* v. *Laubach*, 47 Pa. 154 ; *Tillotson* v. *Smith*, 32 N. H. 90 ; *Butler* v. *Peck*, 16 Ohio St. 334.

*Weston Thompson*, for defendants.

When the railroad was built (about 1846), the embankment and the weight of it prevented the further escape of water from the place by percolation, so that it began to accumulate on the town farm of the defendants and on adjacent lands. See *Greeley* v. *Maine Central*, 53 Maine, 200.

Now the question whether the town is liable for a washout at that place, caused by that ditch, has been once tried, and settled by the judgment rendered in the first case. The town is not bound to try that question over again with Smith as often as he can find means to sue. The judgment settles the question of liability on the conceded facts. It is a bar to this action, unless the plaintiff shows that since the former action was begun, the

town has done something to make the flow of water there wrongful. It was not necessary to plead the judgment in bar. 53 Maine, 149, 258 ; 49 Maine, 68 ; 1 Greenl. Ev. 531.

A watercourse, which may not be lawfully obstructed or diverted is not made by human agency, but is a natural stream, having defined banks and bed through which water usually, though perhaps not constantly flows. Angell on Watercourses, 4 to 4 *d*.

The doctrine of *Greeley* v. *Maine Central*, before cited, that no action lies for turning mere surface water upon land of another, is as well settled and as certain as anything in the law. The same rule applies to swamp water and spring water as to surface water. Angell on Watercourses, 108 *a* to 109 ; *Morrison* v. *Bucksport, R. R. Co.* 67 Maine, 353 ; *Stanchfield* v. *Newton*, 142 Mass. 110 ; *Swett* v. *Cutts*, 50 N. H. 439 ; S. C. 9 Am. Rep. 276 ; *Hoyt* v. *City of Hudson*, 27 Wis. 656 ; S. C. 9 Am. Rep. 473 ; *Chase* v. *Silverstone*, 62 Maine, 175 ; *Chesley* v. *King*, 74 Maine, 164 ; *Dickinson* v. *Worcester*, 7 Allen, 19 ; *Gannon* v. *Hargadon*, 10 Allen, 106 ; *Franklin* v. *Fisk*, 13 Allen, 211 ; *Turner* v. *Dartmouth*, 13 Allen, 291 ; 100 Mass. 181 ; 120 Mass. 99 ; *Rawstron* v. *Taylor*, 11 Exch. 369 ; *Greatrex* v. *Hayward*, 8 *Id.* 291 ; *Wood* v. *Wand*, 3 *Id.* 748 ; *Broadbent* v. *Ramsbottom*, 11 *Id.* 602 ; *Chatfield* v· *Wilson*, 28 Vt. 49 ; *Buffum* v. *Harris*, 5 R. I. 243 ; *Bethall* v. *Seifert*, 77 Ind. 302 ; *Cairo R. R. Co.* v. *Howey, Id.* 364 ; *Barkley* v. *Wilcox*, 86 N. Y. 140 ; *Smith* v. *Thackerah*, L. R. 1 C. P. 564 ; *Popplewell* v. *Hodkinson*, L. R. 4 Exch. 248 ; *Humphries* v. *Brogden*, 12 Q. B. 739 ; *Wilson* v. *Wadell*, 2 App. Cas. 95 ; *Elliott* v. *Northeastern Ry. Co.* 10 H. L. Cas. 333 ; *Partridge* v. *Scott*, 3 Mees. & W. 220 ; *Goodale* v. *Tuttle*, 29 N. Y. 459 ; *New Albany &c. R. R. Co.* v. *Peterson*, 14 Ind. 112 ; S. C. 77 Am. Dec. 60 ; *Brown et. al.* v. *Illius*, 71 Am. Dec. 49 ; *Haldeman* v. *Bruckhart*, 84 *Id.* 511 ; *Bowlsby* v. *Speer*, 86 *Id.* 216 ; 87 Am. Dec. 627, note ; *Delhi* v. *Youmans*, 6 Am. Rep. 100 ; *Roath* v. *Driscoll*, 52 Am. Dec. 352 ; *Waffle* v. *N. Y. Central*, 13 Am. Rep. 467 ; *Hougan* v. *Milwaukee, &c.*, 14 *Id.* 502 ; *Bangor* v. *Lansil*, 51 Maine, 521 ; *Luther* v. *Winnisi-*

*ment .Co.* 9 Cush. 171; *Parks* v. *Newburyport,* 10 Gray, 28; *Flagg* v. *Worcester,* 13 Gray, 601; *Murphy* v. *Kelley,* 68 Maine, 521; *Greenleaf* v. *Francis,* 18 Pick. 117; *Curtis* v. *Eastern R. R. Co.* 14 Allen, 55; *Ashley* v. *Wolcott et als.* 11 Cush. 195;

FOSTER, J. The defendants' motion to set aside the verdict in this case must be overruled. The evidence, when carefully examined, will be found to furnish a sufficient basis upon which the jury might found a verdict for the plaintiff.

The action is case to recover damages for an alleged injury to the plaintiff's premises by reason of the wrongful acts of the defendants in constructing a ditch by which for a period of six years prior to the commencement of this suit, large quantities of water were conducted across the defendants' land and discharged upon and against the premises of the plaintiff, thereby causing his land to be undermined, excavated and otherwise damaged.

The evidence introduced on the part of the plaintiff, if it is to be believed, is sufficient to authorize the jury in returning a verdict in his favor. In some respects the evidence is conflicting. It does not so preponderate in favor of the defendants, however, as to warrant this court in setting the verdict aside. It is a rule that a new trial will not be granted when the evidence is conflicting and the case has been left to the determination of the jury under a clear and impartial charge. *Hunter* v. *Heath,* 67 Maine, 507. In this case the charge of the presiding justice seems to have been satisfactory to both parties. No exceptions were taken.

Where the evidence is conflicting upon points vital to the result, a verdict will not be reversed unless the preponderance against it is such as to amount to a moral certainty that the jury erred. *Enfield* v. *Buswell,* 62 Maine, 128.

Nor does the fact that a verdict has been rendered in favor of the defendants in a former action between the same parties, necessarily constitute a bar to this suit. The former verdict may have been rendered upon facts which, had they been proved in this suit, might have caused the jury to render a verdict against

the plaintiff. The cause of action in the present suit, as disclosed by the evidence, is not the same as in the former. The jury must have so found under the charge of the presiding judge. The damages here claimed are for injuries happening to the plaintiff's premises since the commencement of the other suit. In the former suit the plaintiff may have failed to show that he had suffered any damage by reason of the alleged wrongful acts of the defendants. The record introduced does not show upon what grounds the defendants prevailed. Six years intervened between the two suits. The evidence in this suit, though more or less conflicting, shows that the plaintiff's property has been damaged within the six years next preceding the commencement of this action. It is not sufficient by way of estoppel to show that the matter in controversy may have been determined in a former litigation between the same parties. It must, in order to constitute a bar, be made to appear affirmitively by legal evidence that it was in fact determined. *Young* v. *Pritchard,* 75 Maine, 518 ; *Hill* v. *Morse,* 61 Maine, 543.

The causes of action disclosed in the two suits, as they appear not only from the evidence, but from an examination of the declaration in each suit, are not the same. Whether the defendants prevailed in the former suit on the ground that the plaintiff had failed to show that he had sustained damage, or on the ground that the defendants were not guilty of any wrongful act in relation to the construction or use of the ditch, does not appear. The judgment in that suit is therefore no bar to this action. *Arnold* v. *Arnold,* 17 Pick. 8 ; *McDowell* v. *Langdon,* 3 Gray, 513 ; *Hill* v. *Morse, supra.*

The damages do not appear to be excessive. There was evidence which might warrant the jury in awarding the amount named. A period of six years was embraced in these damages. During all that time the plaintiff claims that his land was injured to a greater or less extent.

*Motion overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.