incumbent upon the plaintiff to show by competent proof the infirmity in the title; and this could only be done by showing the specific facts evidencing the defect. There was no such evidence in this case. The nearest approach to it was a declaration of the existence of a lis pendens; but it was not made to appear when that was filed, or that it constituted any cloud upon the title at the time when the application for the loan had been favorably passed upon.

The court below construed the contract as authorizing a recovery for the full sum of $800, if the plaintiff was entitled to recover anything. Such, however, is not the language of the contract. The agreement was to pay $800, such sum to cover all fees, lawyers' charges, disbursements, stamps, etc. Some of these expenses could not. be incurred unless there was a fulfillment of the contract and payment over of the loan. It is evident, therefore, that the $800 does not measure the sum which the plaintiff would be entitled to recover, as the expenses, etc., not incurred, would necessarily be deducted from such sum.

For these reasons the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

————————

(67 App. Div. 37.)

McGRANE et al. v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. December 13, 1901.)

RAILROADS—ABUTTING OWNERS—DAMAGES—JUDGMENT—RES JUDICATA.

Where owners of property abutting on a street occupied by a railroad sue it for damages to the property by reason of the occupation, a judgment on the merits in defendant's favor is a bar to a second action, where the relative conditions of the parties remain unchanged, and there is only the continuing trespass by occupation; and it is immaterial that conditions and evidence change after the institution of the second action.

Ingraham and Patterson, JJ., dissenting.

Appeal from special term, New York county.

Action by Hugh A. McGrane and another, by Mary H. McGlynn, guardian, against the New York Elevated Railroad Company and another. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Julien T. Davies, for appellants.
Edwin M. Felt, for respondents.

HATCH, J. This is the usual action in equity, brought by the owners of property abutting upon the street to enjoin the further alleged unlawful use by the defendants of easements of light, air, and access, and for the recovery of past damages caused by such use. A former action brought in respect to these premises by Mary McGlynn, as trustee, in behalf of these plaintiffs, resulted in a judgment of dismissal upon the merits, and it is contended that such judgment is res adjudicata; the cause of action being the same as in that action. It was found and decided by the referee upon the former trial that the plaintiffs were not entitled to injunctive relief,

nor to recover damages, and the complaint was dismissed. He found that the premises of the plaintiffs would not be worth more than they were at the time of the decision if the railroad in front of them were removed, or than if it had not been built; that no substantial interference with access to the premises had been shown, but, on the contrary, the existence and operation of the railroad had rendered the premises more accessible, to the benefit of the property; and that the plaintiffs do not own the bed of any part of the avenue in front of their premises, and their only property in said street is the appurtenances of light, air, and access. The judgment in that action was entered on March 11, 1893; this action was commenced on November 13, 1893; and the court has awarded damages for the period between November 13, 1893, and May 10, 1900. The defendants pleaded the former action as a bar to this. An examination of the complaint in the present action and that in the first action shows that the averments upon which the plaintiffs base the right to recover are nearly identical in form, terms, and language. Indeed, the causes of action stated in the two pleadings are precisely alike, except as to the dates of the invasion and continued trespass upon the plaintiffs' rights. It is evident, therefore, that, as the complaint in the first action was dismissed upon the merits after all the evidence had been received, and judgment entered, based thereon, such judgment must be regarded as a bar to the extent of the matters there in issue, viz. the conditions existing prior to the entry of such judgment. It is undoubtedly the fact, and also the law, that the construction of the elevated structure in the street opposite the plaintiffs' premises was an invasion of their legal rights therein, and that the continued maintenance of the structure constitutes the same a continuing trespass upon such rights so long as the same remains, and the defendants do not acquire the rights of the plaintiffs therein. But the mere invasion of the legal rights of the plaintiffs is not of itself sufficient to authorize the intervention of a court of equity to restrain the maintenance and operation of the railroad, or to award damages therefor. After much discussion the courts have announced as a fixed rule of law that equity will not interfere unless the act of the defendant has caused damage to the plaintiffs of a substantial character, and if the plaintiff fail in establishing such damage a decree enjoining the railroad from maintenance or operation will not be granted. O'Reilly v. Railroad Co., 148 N. Y. 347, 42 N. E. 1063, 31 L. R. A. 407; Bohm v. Railway Co., 129 N. Y. 576, 29 N. E. 802, 14 L. R. A. 344.

It is evident, therefore, that when an action has once been brought, and the parties have presented their evidence bearing upon their respective claims, and the court, in determination of the same, renders a judgment dismissing the complaint, based upon the ground that no substantial damage has been sustained by the plaintiff, such determination must be regarded as conclusive, upon that state of facts. Otherwise, if no effect be given to such judgment, it would necessarily follow that one court might conclude that the plaintiff sustained no damage, and another award a substantial recovery upon the same facts. Such a result is so repugnant to all legal rules, and

would render litigation so interminable unless the plaintiff recover judgment, that it ought not to be upheld, unless in the peculiar nature of this litigation no other result is permissible. It is the settled equitable rule that the judgments and decrees of a court of equity are binding upon parties and privies as to all matters which the parties might have legitimately litigated and had determined in the action, and a bill in equity regularly dismissed upon the merits may be pleaded in bar of a new bill for the same matter. Neafie v. Neafie, 7 Johns. Ch. 1, 11 Am. Dec. 380; Perine v. Dunn, 4 Johns. Ch. 140; Burhans v. Van Zandt, 7 N. Y. 522; Herm. Estop. §§ 400, 401; Story, Eq. Jur. § 1523. This rule is equally as applicable to the parties and privies in elevated railroad litigation as it is in any other. The peculiar relation, however, which has been created by the invasion of the plaintiffs' legal rights, may make such rule inapplicable when applied to results which may flow from the continued trespass upon their rights. As the trespass is a continuing one, it is quite evident that at any time subsequent to judgment in a given case the relative conditions of the property owner and the railroad may be essentially changed, and, while at one time the act of maintenance and operation may inflict no damage, at another time very serious damage may accrue, and under such circumstances the right to maintain a subsequent action would not be barred or affected by the prior determination, as the plaintiffs' right to recover would always depend upon his ability to establish that he suffered substantial damage by the continuous acts of trespass. It is evident, however, that, if the evidence in the second action showed no change in the circumstances from those upon which the former determination was based, both reason and logic, and, as we think, the law, would require a denial of the right to recover, and the former decree, as to such acts, would be regarded as conclusive of the controversy. Under such circumstances, the essential fact upon which the right to recover is based would be the same in both actions, and in principle we are not able to perceive any reason why the former adjudication should not be regarded as final upon the same facts. Only one consideration of fact in this class of litigation can possibly operate to remove it from such rule and the reason upon which it is founded, and that is that intermediate the time of the judgment in the first action and the determination of the second there has been the continuous trespass. But if by such act no damage has resulted, and the structure and operation remain the same, such circumstance would not change the relative condition of the parties, nor the basis upon which the conclusion in the first action was reached. It is not of vital consequence that the first action may not contain all the elements of a technical bar to the second action. The conditions remaining the same, the prior adjudication is evidence conclusive that there is no ground for the interference of a court of equity. Under such circumstances, the judgment of dismissal in the first action may be proved, and when proved has all the force and effect of a former adjudication of the question involved, and is conclusive as evidence of the plaintiffs' right to maintain the action. We are of opinion that the second action cannot

be maintained, as it appears by proof upon the trial that the relative conditions of the parties has not changed. If there has been no change, then in no legal or equitable sense can it be said that the plaintiffs had a cause of action at the time of instituting the second action. It is quite likely true that such fact may not be determined from the averments of the pleadings, but rests in the proof given upon the trial; for, as the trespass is continuous, all that would seem to be necessary would be to aver it, and this, followed by an allegation of damage, would undoubtedly state a good cause of action. But if the evidence remain the same, with the single exception of the continuing trespass, we think no cause of action would be established, and the judgment in the former action, read in evidence, would be conclusive of such fact.

We are not aware of any authority where the matter has been authoritatively decided, nor has our attention been called to any. In O'Reilly v. Railroad Co., supra, it was suggested by counsel that the plaintiff was entitled to recover for the wrongful invasion of his rights, for the reason that the possession by the defendant would ultimately ripen into title, and the plaintiff be left without remedy. In disposing of this question the court said that the objection was met by the form of the decree, which provided that the dismissal was "without prejudice to the right of the plaintiffs to bring such action as they may hereafter be advised, based upon facts not inconsistent with those herein adjudged." By this clause it was said that before the defendant could acquire any adverse rights, if the plaintiff became able to prove any actual damage or loss, they could commence an action against the defendant, and obtain such relief in law and equity as their case might warrant. I am at a loss to understand just what rights were secured by the clause of the judgment therein question. If they could only obtain relief based upon facts not inconsistent with that judgment, I am not able to see how they could obtain any relief at all, unless it was held that they were authorized to recover upon re-proving the same facts. Certainly such evidence would not be inconsistent with that given in the former action, where the right to recover was denied. But how the court could be consistent, and render a judgment upon facts not inconsistent with those which were not regarded as sufficient to sustain a recovery, is beyond my power of comprehension; and, literally read, this seems to be the provision of the judgment in that case, and which was regarded as essential to save the rights of the parties. We conclude, however, that what was really meant by the court was that the dismissal was without prejudice to the plaintiff's right to maintain a second action if he could establish that the subsequent act inflicted substantial damage; and the language of the court in that case indicates that no recovery would be authorized unless such fact was established, and, if not established, the former judgment given in evidence would be conclusive upon the right of the plaintiff to recover. It seems to us, however, that no conditions in the judgment were essential to protect the plaintiff's rights. His right was, and is, and continues, so long as the trespasses continue, to maintain an action in equity for an injunction

and damages at any time when the acts of the defendant inflict damage. If the acts in fact never do more harm than to infringe the plaintiff's technical rights, he is at no time entitled to maintain an equitable action for such purpose; and it is not apparent how, in this respect, he could be harmed by the ripening into title of the right to maintain and operate the road, if during the whole period he suffered no substantial damage. It seems quite evident that, if at any time the defendant changed the structure or the method of operation in such form and manner as to create an additional burden upon the plaintiff's rights, he could at once bring his action, and such condition would only begin to ripen into title in favor of the defendant from the time when the additional burden was placed upon the easements.

The result of this reasoning would seem to lead to the conclusion that the former adjudication is to be regarded as conclusive upon the plaintiffs' right to recover in this action at the time when it was commenced. The first action was dismissed and judgment entered on March 11, 1893. This action was begun on the 13th day of November of the same year. The proof given upon the trial does not show the slightest change or act upon the part of the defendant, either in construction or operation, which did not exist when the former action was tried and when the complaint was dismissed, except such as occurred after this action was commenced. What did appear was that in December, 1894, some 14 months after the plaintiffs began this action, the defendants placed a third track upon the structure, and ran additional trains over the same, and this is the substantive part of the testimony appearing in this record upon which the case is changed from that which appeared upon the former trial. It is quite possible that this change of structure authorized the court to find that it inflicted damage upon the plaintiffs' property, but such conditions were not in existence when this action was begun. While, undoubtedly, the plaintiff is entitled to recover in one action all the damages sustained down to the time of the trial, yet this necessarily presupposes—indeed, rests upon the fact of the existence of—a cause of action upon which equity would lay hold and administer relief when the action was begun. The defendants do not seem to have objected to this proof; and we should regard them as consenting to its reception, and sustain the judgment upon that ground, were it not for the fact that the court has awarded damages, both fee and rental, from the date of the commencement of the action. For 14 months from the time of the commencement of the action the plaintiffs neither proved nor had a cause of action for equitable relief or for the award of damages, and yet such period was embraced by the court. So far as the fee damage is concerned, the award is not severable; nor are we able to determine what amount the court awarded for this period of 14 months. The judgment in this respect is therefore erroneous.

It follows that the judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

INGRAHAM, J. (dissenting).  This action was commenced on November 13, 1893, and the complaint alleged that the plaintiffs were the owners of two pieces of property situated on the westerly side of Ninth avenue, in the city of New York, between Thirty-Seventh and Thirty-Eighth streets; that during the year 1878 the defendant the New York Elevated Railroad Company took possession of Ninth avenue in front of the plaintiffs' premises, and erected thereon an elevated railroad, and is now maintaining and operating a double-track steam elevated railway thereon, and ran and still runs thereon railroad cars drawn by locomotive steam engines; that said railway is now, and since May 20, 1879, has been, in the possession of and operated by the defendant the Manhattan Railway Company; that such an appropriation of the avenue was against the plaintiffs' will or consent, the defendants claiming the right to maintain and operate the said railroad without compensation for the property thus taken; that the erection of the said structure and the running of said trains thereon have created an additional burden on the premises described in the complaint, not included in the easements granted to the city, and have interfered with the plaintiffs' right to have the said street in front of their premises a free and open passageway, and to have the light and air enter upon said building free from any obstruction in said street; that by reason of the premises the plaintiffs have suffered damages in at least the sum of $15,000; and the complaint asks that the defendants be enjoined from maintaining, continuing, or operating said railroad and structure, and be directed to remove the same, and that they recover against the defendants the sum of $15,000.  The cause of action here sought to be enforced was thus based upon a trespass by the defendants upon the plaintiffs' property; it being claimed that at the date of the commencement of the action the defendants were then committing such a trespass, and that such trespass was a continuing one; the defendants claiming that they were entitled to maintain their road and trespass upon the plaintiffs' property without compensation; and the relief they sought was an injunction restraining such continuing trespass.  As a defense to this cause of action, the defendants alleged that on the 6th of May, 1890, Mary H. McGlynn, as trustee of Hugh A. McGrane, Carrie C. McGrane, and Hugh A. McGrane, and Mary A. McGrane, infants, by Mary H. McGlynn, their guardian ad litem, the then alleged owners of the premises described in the complaint, began an action against these defendants in the superior court of the city of New York; that said action was brought to enjoin the maintenance and operation through said street in front of said premises of the elevated railroad described in the complaint herein, and for incidental damages, and that the cause of action set forth in the complaint herein is the same cause of action as that sued upon in said former action; and that on the 11th of March, 1893, judgment dismissing the complaint upon the merits was entered therein.

Upon the trial of this case the defendants introduced in evidence the judgment roll in the former action, wherein it appeared that the action was brought for an injunction and for damages; the cause

of action being similar to that set out in the complaint in this action. As a part of that judgment roll, there is the report of a referee before whom the action was tried. The referee found as a fact that the maintenance of the railway structure in front of the plaintiffs' premises has from the year 1887 to the present time constituted, and will hereafter constitute, a use inconsistent with and in excess of the ordinary uses for which said street was set apart and reserved in law, and by such inconsistent and excessive street use the access to the plaintiffs' premises above described has been obstructed, and will hereafter be continuously obstructed, and the quantity of air and light that would otherwise have passed, and would otherwise hereafter pass, has been lessened; that to the extent that the maintenance of said railway structure, and the operation of trains thereon, constituted and constitute an inconsistent street use, as set forth in the eleventh and twelfth findings, the defendants have taken and kept, and are in possession of and will hereafter take, a part of the easements of access and of light and air hereinbefore found to be a part of the plaintiffs' land; and, at the request of the defendants, that premises in suit would not be worth more than they now are if the elevated railroad in front thereof were removed; that the increase of accessibility has been a benefit to the plaintiffs' property, and has increased in value thereof; and, as a conclusion of law, that the plaintiffs are not entitled to injunctive relief unless they have proved that the physical interference with the easements appurtenant to the premises in suit has resulted in substantial pecuniary damages to the same, and are not entitled to relief unless they have proved that the actual market value of the premises in suit would be greater if the defendants' elevated railroad in front thereof had not been built; and that the plaintiffs are not entitled to recover damages herein; and the referee dismissed the complaint, without costs. Upon these findings a judgment was entered dismissing the complaint upon the merits, without costs to either party. The effect of that judgment is by the prevailing opinion held to be fatal to the plaintiffs' right to a recovery in this action, upon the ground that, the conditions remaining the same, the prior adjudication is evidence conclusive that there is no ground for the interference of a court of equity; that under such circumstances the judgment of dismissal in the first action may be proved, and when proved has all the force and effect of a former adjudication of the question involved, and is conclusive as evidence against the plaintiffs' right to maintain the action; that, before the second action can be maintained, it must be made to appear by proof upon the trial that the relative conditions of the parties have changed, and that damage has resulted from the acts of the defendants on account thereof; for, it is argued, if there be no change, then in no legal or equitable sense can it be said that the plaintiffs had a cause of action at the time of instituting the second action.

The former action was brought to restrain trespass, and was based upon the fact that in 1890 the defendants were trespassing upon the plaintiffs' property under a claim of right; that such trespass was a continuous trespass, for which the plaintiffs could obtain no ade-

quate relief in an action at law. When that action came on to be tried, in the year 1893, the court found as a fact that the defendants were trespassing upon the plaintiffs' property, but that the plaintiffs had failed to prove that such trespass had caused substantial damage, and that for that reason the plaintiffs were not entitled to equitable relief. That this adjudication was binding upon both parties to the action is not disputed. The question is as to what was adjudicated. That the right to maintain the action depended upon the condition as it existed at the time the action was brought seems to be conceded. The effect of that adjudication, therefore, is that on the 6th of May, 1890, the defendants were trespassers upon the plaintiffs' property, but, to entitle the plaintiffs to recover, they were bound to prove that such a trespass caused a material injury, and that, having failed to prove such injury, the defendants were entitled to a dismissal of the equitable cause of action. Now, what relation had this adjudication to an action commenced in November, 1893, based upon an allegation that the defendants were then committing a trespass upon the plaintiffs' property, that such trespass as the defendants were then committing was an injury, and that the defendants should be enjoined from continuing such trespass? By the prevailing opinion it does not seem to be claimed that this prior adjudication was a bar to the commencement of this action, but that it was evidence conclusive upon the trial that the defendants' trespass caused no damage. But, as I understand the rule, there is no distinction between the effect of an adjudication as evidence and a bar, except that, to be effectual as a bar, it must be pleaded. The second action was not brought for the same cause of action that the first was brought to enforce. If the first action had been at law, to recover the damages for the trespass, and resulted in a judgment for nominal damages only, which, in view of the finding of the referee in the report upon which the judgment in the first action was based, seems to me to be the effect of the adjudication, —he having found that the occupation of the street, so far as it affected the plaintiffs' easement therein, was a trespass, but that, no damage having been proved, the plaintiffs were not entitled to equitable relief,—such a judgment could not be a bar, or, as evidence, conclusive in favor of a defendant upon a second action brought to recover damages for a subsequent trespass upon the same property. Would the plaintiff in such a subsequent action be bound to prove that the existing conditions for which he sought to recover damages were essentially different from those existing at the time the first cause of action was commenced? It seems to me that he would not. That judgment would be a bar to any action brought to recover for the damages sustained prior to the commencement of the first action. It certainly could not be a bar to a claim for damages sustained by the owner of the property trespassed upon from the time of the judgment in the first action to the commencement of the second action. Upon what principle can other or different effect be given to a judgment, where the owner of land asks for a judgment enjoining a trespasser from continuing trespass? While it is clear that a judgment in an equity action is a

bar to a recovery for a similar cause of action, as is a judgment in an action at law, I think that the effect of such a judgment in an equity action, where it is brought to enforce a legal right, can be no greater than would be the bar of a judgment recovered in an action at law. The prevailing opinion expressly holds that the condition at the time of the commencement of the action must determine the right of the plaintiff to maintain it. As to the effect of the adjudication, therefore, we go back to the time of the beginning of the first action, in 1890; and the effect of this decision, as I understand it, is that, because the court has adjudicated that in 1890 a trespass caused no injury, the owner of the property can never maintain an action to recover for subsequent trespasses upon the same property unless he affirmatively shows that the trespass was different in character from that caused when the first action was commenced, or that the acts constituting the trespass were different in character from those constituting the first trespass. It is to that proposition that I dissent. No authority is cited to sustain this proposition, either in the prevailing opinion, or by counsel on the argument. The general rule, however, is well settled that the test as to whether the second suit is founded substantially upon the same cause of action is that the same evidence will support both actions. Steinbach v. Insurance Co., 77 N. Y. 501, 33 Am. Rep. 655. Applying this rule, it seems to me quite evident that the prior judgment is not an adjudication of any question arising in this action. In the first cause of action the plaintiffs sought to enjoin a continuous trespass existing prior to the commencement of that action. The adjudication was that the defendants were guilty of the trespass, but the plaintiffs sustained no damage. This second cause is to restrain a trespass existing at the time it was brought, and to recover the damage caused by such trespass. Evidence that the defendants had trespassed upon the plaintiffs' property in 1893 would clearly not have sustained an action brought in 1890. That such trespass was an injury to the plaintiffs' property in 1890 would not sustain this equitable action for an injunction commenced in 1893. The question determined in the former action was that at the time of its commencement the trespass had caused the plaintiffs no damage. What possible relation that could have to the question that was involved in the trial of this case, viz. whether this trespass had caused the plaintiffs' damage in 1893 when this action was brought, or in 1901, when the action was tried, I am unable to see. The record shows that the substantial question before the referee upon the trial of the first action was the damage caused by the trespass in 1890, and that the substantial question before the court upon the trial of this action was the damage caused by the trespass in 1893. It is now settled that these actions must be determined upon the conditions that existed at the time they were commenced; and, in determining whether or not such a trespass causes damage, the conditions then existing must be considered, and not the conditions that existed at the time this railroad was built. Thus, if the continued existence and operation of this road is a damage to the abutting property, so that if the road were removed the property would

be of greater value, the injunction should issue; and the fact that at a prior time in the history of the road it had been an advantage to the plaintiffs' property is not material. Otten v. Railway Co., 2 App. Div. 398, 37 N. Y. Supp. 982. If these abutting property owners had brought an action against this railroad the first year it was built, and equitable relief had been refused upon the ground that the existence and operation of the road caused no damage, applying this rule, it certainly could not be said that that judgment was a conclusive adjudication that the railroad could continue forever to trespass upon the plaintiffs' property, although at a subsequent time, in consequence of changed conditions as to the use to which the plaintiffs' property was put, a continued operation of the road caused serious damage. In the case of Rose v. Hawley, 133 N. Y. 315, 31 N. E. 236, it was expressly held that, where the later cause arose out of facts happening after the commencement of the first action, the causes of action could not be identical, and that, where the former judgment is in equity in favor of the defendant, the test is to inquire whether the new judgment sought is inconsistent with the prior one rendered, and, where that is one of no cause of action, there may be no such real inconsistency, and the party claiming that there is must show it; that no needless or purely constructive bar should be encouraged; and that the real truth and actual fact should always be sought.

It is conceded by the prevailing opinion, as I understand it, that this judgment would not be a bar if it appeared that the conditions had changed since the former action was commenced, but that, as no change appears, the judgment is conclusive. But this seems to me to violate the rule that the burden to show that the conditions are the same rests upon the party who undertakes to make use of the judgment as conclusive evidence. See Bell v. Merrifield, 109 N. Y. 211, 16 N. E. 55, 4 Am. St. Rep. 436; Lewis v. Pier Co., 125 N. Y. 348, 26 N. E. 301; Reynolds v. Insurance Co., 160 N. Y. 635, 55 N. E. 305. In the last-named case it is said:

"The conclusive character of a judgment as a bar extends only to the identical issues which were tried in the former action. They must be the same in each action, not merely in name, but in fact and in substance; and the party seeking to avail himself of a former judgment as conclusive evidence or as a bar in a subsequent action must show affirmatively that the question involved in the second was material and determined in the former, as a former judgment would not operate as an estoppel in a subsequent action as to immaterial and unessential facts, even though put in issue and directly decided."

Upon this record, I think that the former judgment, that the plaintiffs sustained no injury by a trespass in 1890, was not an adjudication that the same identical trespass did not cause damage in 1893. As this is the only question discussed in the prevailing opinion, it is unnecessary to discuss the other questions presented. I therefore dissent.

PATTERSON, J., concurs.