[No. 27228. Department Two. January 31, 1939.]

E. F. BODENECK *et al., Appellants,* v. CATER'S MOTOR FREIGHT SYSTEM, INC., *et al., Respondents.*[1]

'Reported in 86 P. (2d) 766.

*M. E. Mack,* for appellants.

*Charles P. Lund,* for respondent Cater's Motor Freight System, Inc.

*G. M. Ferris, Louis A. Conyard,* and *B. A. Farley,* for respondent city of Spokane.

BEALS, J.—Plaintiffs, in their complaint, set forth two causes of action. In the first, they alleged that, commencing December 1, 1936, defendant Cater's Motor Freight System, Inc. (hereinafter referred to as Cater), used premises adjoining an apartment house owned by plaintiffs, for the purpose of maintaining a depot for loading and unloading freight, and so used the premises as to constitute the same a nuisance, by making loud noises both day and night, by releasing from their motor vehicles noxious odors, and by causing the ground to shake and vibrate so that the windows in plaintiffs' apartment house would rattle. In this connection, plaintiffs pleaded an ordinance of the city of Spokane forbidding unnecessary noises, and that defendant Cater had been requested to abate the nuisance, but had refused to do so.

In the second cause of action, plaintiffs alleged that the city of Spokane, May 27, 1929, passed a zoning ordinance, and that, according to the terms of that

ordinance, the use of the Cater property for a depot was forbidden. Plaintiffs prayed that the alleged nuisance be abated; that defendant city be restrained from permitting the continuance thereof and from issuing any permit to use the property for a motor depot; and for other relief.

Defendant city demurred to the first cause of action, and its demurrer was overruled. The city then answered, denying knowledge as to the facts pleaded in the first cause of action sufficient to enable it to form a belief as to the truth or falsity thereof; and, answering the second cause of action, admitted the enactment of the zoning ordinance, and that a portion of the property used by Cater as alleged by plaintiffs constituted property described as class IV of the zoning ordinance; and denied the other allegations in the cause of action.

Defendant Cater admitted its use of the premises in loading and unloading freight; admitted the enactment by the city of the ordinance against unnecessary noises; and admitted the enactment of the zoning ordinance. This defendant affirmatively pleaded a defense of *res judicata*, in that, April 6, 1936, plaintiffs commenced an action against Cater, as defendant, based upon the same allegations as are contained in the complaint in the present action, and that this action was tried and judgment of dismissal entered. Copies of the complaint, answer, and judgment in the prior action were attached to defendant's answer in this proceeding. Plaintiffs replied to the affirmative allegations in defendant's answer by admitting the pleadings and judgment in the prior action, but denying the allegation of *res judicata*.

From the statement of facts filed herein, it appears that the action came on regularly for trial March 22, 1938, before the court sitting without a jury; that,

when plaintiffs called their first witness, defendant city objected to the introduction of any evidence and moved for judgment of dismissal, upon the ground that no cause of action was stated against the city. Defendant Cater also objected to the introduction of any testimony and moved for judgment upon the pleadings, contending that it appeared without denial that the former action was brought based upon the same identical matters involved in the case at bar, was tried on the merits, and that judgment was entered in favor of defendant Cater, dismissing the former action with prejudice.

In due time, the court filed its memorandum opinion sustaining the oral demurrer of the city, and granting defendant Cater's motion to dismiss. After denying plaintiffs' motion for a new trial, judgment was entered dismissing the action, from which judgment plaintiffs have appealed.

Error is assigned upon the court's ruling sustaining respondent Cater's motion for judgment in its favor upon the pleadings; upon the ruling in favor of respondent city; upon the denial of appellants' motion for a new trial; and upon the entry of judgment dismissing the action.

In their complaint, appellants alleged that, beginning approximately December 1, 1936, respondent Cater used the tract next to appellants' apartment house as its loading and unloading depot, and it is not contended that the facts pleaded are insufficient to constitute a cause of action as against respondent Cater. This respondent answered the complaint, denying the material allegations thereof, and in an affirmative defense containing two paragraphs pleaded, in the first, that, April 6, 1936, appellants sued respondent Cater, attaching to the answer the complaint, answer, and decree in the former action, the complaint being prac-

tically identical with that in the case at bar. In the second paragraph, respondent alleged that every issue of fact and law involved in the case at bar was, or might have been, adjudicated in the prior action, and that the decree in that action constitutes *res judicata* in the case at bar. Appellants, while admitting the pleadings and judgment in the prior action, as set forth by respondent in its answer, denied the allegations of paragraph two of respondent's affirmative defense.

If respondents' position in this case can be sustained, it must be upon the principle of estoppel by judgment, rather than *res judicata*. Appellants' complaint, alleging unlawful acts by respondent Cater between dates subsequent to those alleged in the prior action, does not, of course, plead the identical cause of action which was previously determined against them. While the allegations of the complaints are practically identical, different evidence might be offered in the case at bar that cannot be determined from the complaint.

It is well settled that, under the doctrines of *res judicata* and estoppel by judgment, neither the same facts nor identical facts may be relitigated. In cases involving continued nuisances, it is the general rule that a plaintiff, having once recovered, may recover for subsequent damage, if his complaint is supported by evidence, and may rely upon the prior judgment in his favor as determining the law of the case. So, in an action such as this, the defendant having prevailed in the trial on the merits, the plaintiff cannot recover in a subsequent action in which the facts shown by the evidence are substantially identical with the facts shown in the prior proceeding.

In the case of *Hahn v. Miller*, 68 Iowa 745, 28 N. W. 51, the supreme court of Iowa affirmed a judgment of the trial court dismissing an action for damages to real

property, upon the ground that the evidence was substantially identical with that introduced upon the trial of a prior action between the same parties, which had been determined in favor of the defendant. The question, however, was not determined upon the pleadings, but after a trial.

In the case of *Smith v. Brunswick*, 80 Me. 189, 13 Atl. 890, the supreme judicial court of Maine affirmed a judgment in favor of the plaintiff, based upon damages to real property as the result of the construction of a ditch by the defendant. It appeared that, in a prior action between the parties, tried six years prior to the trial of the second case, judgment had been rendered in favor of the defendants. It was urged that the prior judgment was a bar. Concerning this issue, the court said:

"The damages here claimed are for injuries happening to the plaintiff's premises since the commencement of the other suit. In the former suit the plaintiff may have failed to show that he had suffered any damage by reason of the alleged wrongful acts of the defendants. The record introduced does not show upon what grounds the defendants prevailed. Six years intervened between the two suits. The evidence in this suit, though more or less conflicting, shows that the plaintiff's property has been damaged within the six years next preceding the commencement of this action. It is not sufficient by way of estoppel to show that the matter in controversy may have been determined in a former litigation between the same parties. It must, in order to constitute a bar, be made to appear affirmatively by legal evidence that it was in fact determined. *Young v. Pritchard*, 75 Me. 518; *Hill v. Morse*, 61 Me. 543.

"The causes of action disclosed in the two suits, as they appear not only from the evidence, but from an examination of the declaration in each suit, are not the same. Whether the defendants prevailed in the former suit on the ground that the plaintiff had failed

to show that he had sustained damage, or on the ground that the defendants were not guilty of any wrongful act in relation to the construction or use of the ditch, does not appear. The judgment in that suit is therefore no bar to this action."

In the case of *McGrane v. New York El. R. Co.,* 67 App. Div. 37, 73 N. Y. Supp. 498, decided by the supreme court, appellate division, it appeared that the plaintiffs sued for damages, also asking for an injunction against the maintenance of a railroad in front of their property. A prior action brought on behalf of plaintiffs had been determined against them on the merits, but in the second action damages were awarded from the time of the commencement of that action. The causes of action pleaded were identical, except as to dates. Discussing the questions presented on the defendants' appeal, the court in the case cited observed that, as the trespass was a continuing one, at any time subsequent to judgment in a given case the relative conditions might be essentially changed; and that, while at one time the operation of the railroad might inflict no damage, at another time serious damage might accrue, and that, under such circumstances, the right to maintain a subsequent action would not be barred by the prior determination, as the plaintiffs' right to recover would always depend upon their ability to establish substantial damage. The court also observed that, if the evidence in the second action showed no change in the circumstances from those upon which the former determination was based, the decree in the prior action would be regarded as conclusive of the controversy. Continuing, the court said:

"The conditions remaining the same, the prior adjudication is evidence conclusive that there is no ground for the interference of a court of equity. Under such circumstances, the judgment of dismissal in the first action may be proved, and when proved has all

28

the force and effect of a former adjudication of the question involved, and is conclusive as evidence of the plaintiff's right to maintain the action. We are of opinion that the second action cannot be maintained, as it appears by proof upon the trial that the relative conditions of the parties has not changed. If there has been no change, then in no legal or equitable sense can it be said that the plaintiffs had a cause of action at the time of instituting the second action. It is quite likely true that such fact may not be determined from the averments of the pleadings, but rests in the proof given upon the trial; for, as the trespass is continuous, all that would seem to be necessary would be to aver it, and this, followed by an allegation of damage, would undoubtedly state a good cause of action. But if the evidence remain the same, with the single exception of the continuing trespass, we think no cause of action would be established, and the judgment in the former action, read in evidence, would be conclusive of such fact."

It appears from the court's opinion that the first case between the parties was determined upon the ground that the plaintiffs had failed to prove damage rather than that the defendants had established their right to maintain the railroad. It appeared that, during the pendency of the second action, the railroad company constructed an additional track, thereby increasing the annoyance suffered by plaintiffs, and for this damage it was held that the plaintiffs might recover, although the judgment appealed from was reversed, as it included damage from the date of the institution of the second action. It does not appear that any question was raised upon the pleadings. Two of the five judges dissented, upon the ground that the former judgment was not an adjudication that the same trespass did not result in damage at some later date. We agree with the reasoning of the majority of the court in holding that the judgment in the first action would, when pleaded and proven, operate as an estoppel in

the second action, if the facts proven in the second action were identical with those proven in the first.

In the case at bar, the trial court filed a memorandum opinion, referring not only to the pleadings in the prior action, which were pleaded by respondent Cater and admitted by appellants, but to the memorandum opinion filed by the trial judge. As no evidence was introduced in the case at bar, the records in the prior action, save as admitted by the pleadings herein, were not properly before the court.

In the case of *Pacific Iron & Steel Works v. Goerig,* 55 Wash. 149, 104 Pac. 151, this court held that, to be available as *res judicata,* the record in the prior action must be pleaded and introduced as evidence, and that

"The superior court cannot, while trying one cause, notice judicially the records in other causes pending or tried before it, even when between the same parties."

The court cited the case of *Lownsdale v. Grays Harbor Boom Co.,* 54 Wash. 542, 103 Pac. 833, to the same effect. The rule was recently reaffirmed in the case of *Large v. Shively,* 186 Wash. 490, 58 P. (2d) 808.

The general rule is laid down in 23 C. J. 113, § 1920 dd, as follows:

"Courts, including those of probate, cannot in one case take judicial notice of their own records in another and different case, even though the trial judge in fact knows or remembers the contents thereof."

The trial court, then, in ruling upon the questions at law presented, considered matters which were not properly before it, no evidence having been introduced.

Respondent Cater strongly relies upon the case of *Thompson v. Washington Nat. Bank,* 68 Wash. 42, 122 Pac. 606, 39 L. R. A. (N. S.) 972, in which this court held that the record showed that a defense of *res judi-*

*cata* should have been sustained. In the case cited, it appeared that the plaintiff had sued to foreclose a lien for laying a tile floor. The defendant contended that plaintiff had not complied with his contract, and the court held with defendant and dismissed the action. Later, the plaintiff sued the same defendant upon the contract to do the work, without seeking to assert any lien. The trial court rendered judgment in favor of the plaintiff, but on appeal this court reversed the judgment, holding that the prior action was a bar.

In the case cited, the two suits were based upon the same contract, and this court properly decided that the judgment in the first cause constituted *res judicata* in the second. In the case at bar, appellants' complaint is based upon respondent Cater's alleged acts between different dates than were pleaded in the first action. On the trial, the evidence which appellants offer may show acts of the same nature as those which their evidence showed in the prior action, but they will not be the same acts. The case cited is not in point here.

Appellants cite cases in which recovery was allowed for continuing nuisances. When recovery for damage has once been allowed, actions may be maintained for damages subsequently arising. This case presents an entirely different question.

It may be that, upon the trial, it will appear from the evidence that appellants are estopped by the judgment in the first suit, but that is a matter with which we are not now concerned.

Respondent Cater suggests that it may be harassed by successive actions, but in proper cases equity affords a remedy by way of an injunction against suits which are vexatious and oppressive. *Burdick v. Burdick,* 148 Wash. 15, 267 Pac. 767.

The trial court erred in granting respondent Cater's motion for judgment upon the pleadings.

Appellants argue that the trial court erred in sustaining respondent city's demurrer and in dismissing the action as to that respondent. This is not an action in which appellants seek, by way of a writ of mandate or some other writ, to require certain officials of the city to take some action or to refrain from acting. The usual procedure in which it is sought to enforce the provisions of zoning ordinances or to test the legality or scope thereof is that which was followed in the case of *State ex rel. Seattle Title Trust Co. v. Roberge,* 144 Wash. 74, 256 Pac. 781, in which the relator sought by writ of mandate to require the superintendent of buildings of the city of Seattle to issue a permit for the construction of a building.

In the case at bar, appellants simply allege that respondent city enacted a zoning ordinance, and that, under this ordinance, respondent Cater cannot lawfully operate the business of which appellants complain; that respondent city, without right, issued a permit to erect a platform to be used by respondent Cater; and that the city refuses to cancel such permit. Appellants also allege that both respondents are guilty of maintaining a nuisance, which the court should abate on appellants' complaint.

In support of their argument, appellants cite several cases in which courts have enjoined nuisances maintained by municipalities, but the facts disclosed by the opinions in these cases differ so greatly from the facts of the case at bar that the decisions relied upon by appellants are not in point. We conclude that the trial court did not err in sustaining the demurrer of respondent city, and in dismissing the action as to it.

The judgment appealed from is reversed as to respondent Cater, with instructions to proceed with the

32

trial of the action as to that respondent. As to respondent city, the judgment appealed from is affirmed.

SIMPSON, GERAGHTY, and STEINERT, JJ., concur.

MILLARD, J. (dissenting)—On the facts alleged, the trial court was clearly correct. On the whole record the judgment should be affirmed.

