## R. EAKIN, PLAINTIFF IN ERROR,

*v.*

## JEREMIAH McCRAITH, DEFENDANT IN ERROR.

The existence of a judgment, though not entered in the Court's journal, as by statute contemplated, nor bearing the file mark of the Clerk, may be established by competent proof after the death of the Judge rendering it.

By entry and payment at the local Land Office for land, under the Town Site Acts of 1864 or 1867, the town or city became instantly vested with the legal title, in trust; and the adjudication of rights of occupancy and interest in any part thereof bound as privies in estate and representation all persons claiming under either of the litigants.

Where the findings of fact made by the Judge of the trial Court are not commensurate with the issues, or are insufficient logically to sustain the conclusions of law, the remedy is by motion in the lower Court for further findings, and not appeal.

Where it is manifest the substantial rights of parties are not prejudiced by such meager findings, the judgment will not be disturbed in this Court.

ERROR, to the First Judicial District, at Walla Walla.

In addition to the statement of the case found in the opinion of the Court, the following facts disclosed by the record may be of assistance to a more correct understanding of the case. The judgment relied upon by the defendant was rendered in 1867, but had not been entered in the journal of the Court, nor was there any file-mark upon it; neither was it attached by any fastening to the papers in the case. The cause had been tried by the Court, a jury being waived. The present Clerk of the Court testified, against the objection of the plaintiff, that the findings and judgment entry were in the handwriting of the Judge then presiding; that on taking possession of the clerk's office, the witness had found the same among the papers in the case; and he also found on the original calendar of such Judge, in the same handwriting, a memorandum to the effect that such judgment had been entered. Others also testified to the handwriting of the Judge. From this evidence, the trial Court found the judgment a valid and subsisting judgment, and that the same was conclusive against the plaintiff, as an adjudication of the title of the premises in dispute.

*Dolph, Bronough, Dolph & Simon,* counsel for Plaintiff in error, to the point that the judgment pleaded had not been rendered, cited the following authorities. (*Russel* v. *Armador,* 2 Cal. 305; *McKeon* v. *McDermott,* 22 Id. 667 ; *Pierce* v. *Lynch,* 38 Ib. 530; *Adams* v. *Nellis,* 59 Howard's Practice Rep. 385.)

And to the point that no sufficient proof of the alleged judgment had been offered, cited the following : (*Casement* v. *Ringgold,* 28 Cal. 335, 339 ; Freeman on Judgments, 3d ed., Secs. 38, 39, 407, 409 ; 1 Greenleaf's Evidence, Secs. 501, 502, 508; *Croswell* v. *Byrnes,* 9 John. 287 ; *Waldon* v. *Green,* 4 Wendell, 409 ; *Hall* v. *Hudson,* 20 Alabama, 284; *Whitney* v. *Townsend,* 67 New York, 40, 43.)

If plaintiff has any title, it is equitable, and cannot be maintained in ejectment. (*Fenn* v. *Holme,* 21 Howard, 481 ; *Smith* v. *McCann,* 24 Ib. 398; *Watkins* v. *Holman,* 16 Peters, 25.)

At the time alleged, the title was in the government, which subsequently passed to plaintiff by a direct chain of conveyances, as shown on the trial. The Town Site Act is not in words of present grant, and passed title only by patent. Hence no estoppel arises. (Revised Statutes U. S., Secs. 2,383, 2,387, 2,394; *Bagnell* v. *Broderick*, 13 Peters, 436; *United States* v. *Stone*, 2 Wallace, 525; *Grignon* v. *Astor*, 2 Howard, 319; *Wilcox* v. *Jackson*, 13 Peters, 498; Herman on Estoppel, p. 61, Secs. 63, 65; p. 104, Sec. 98; *Borrows* v. *Kindred*, 4 Wallace, 399.)

*Caton & Crowley* and *J. E. Budd*, for Defendant in error.

The evidences of the existence of the judgment are sufficient. (Statutes W. T., 1863, pages 127, 417; Freeman on Judgments, 3d ed., Sec. 38; *McGrath* v. *Lea Grave*, 2 Allen, 443; *Hawks* v. *Davenport*, 5 Ib. 392; *Townsend* v. *Way*, Ib. 427; *Park* v. *Darling*, 4 Cushing, 197; *Pruden* v. *Alden*, 23 Pickering, 184; *Tillotson* v. *Warner*, 3 Gray, 574; *Sharp* v. *Lumley*, 34 Cal. 611; *Lick* v. *Stockdale*, 18 Ib. 219; *Garland* v. *Heinborg*, 2 Oregon, 75; *Fish* v. *Emerson*, 44 New York, 378; *Fairchild et al.* v. *Keith*, 29 Ohio State, 156.)

The *entry* of judgment, being a ministerial act, only affects the evidence of its existence, and gives occasion for proof *aliunde*. (*Matthewson* v. *Houghton*, 11 Me. 377; *Fish* v. *Emerson*, 44 New York, 376; *Younge* v. *Broxson*, 23 Ala. 684; *Matthewson's Admir.* v. *Grant's Admir.*, 2 Howard, U. S. 263; *Clark* v. *Lamb*, 8 Pickering, 415; *Ruggy* v. *Parker*, 7 Gray, 172; *Burnett* v. *State*, 14 Texas, 455; *Johnson* v. *Wright*, 27 Georgia, 555; *Davis* v. *Sharer*, 4 Phillips' Law, 18; Freeman on Judgments, 3d ed., Sec. 63; *Thayer* v. *Magee*, 20 Michigan, 195.)

What is *considered*, not what is *entered*, is the judgment. (Freeman on Judgments, 3d edition, secs. 38, 40; *Lick* v. *Stockdale*, 18 Cal. 219; *Sharp* v. *Lumley*, 34 Ib. 611; *Hutchinson* v. *Bours*, 13 Ib. 50; *Robb* v. *Ross County Bank*, 41 Barbour, 591.)

The manner in which the writing in this case is authenticated was proper, and affords it the confidence of a final judgment. (*Church* v. *Crossman*, 41 Iowa, 373; *Lewis* v. *Watrus*, 7 Ne-

braska, 477 ; *Wells* v. *Hogan*, Breeze, 337 ; *Johnson* v. *Gui-lette*, 52 Illinois, 360 ; *Cofield* v. *McClelland*, 16 Wallace, 331; *Cannon* v. *Pratt*, 9 Otto, 99 U. S. 623 ; *Stringfellow* v. *Case*, 9 Otto, 99 U. S. 610 ; *Hussey* v. *Smith*, Ib. 22 ; *Brewster* v. *Striker*, 2 Comstock, 19 ; *Morton* v. *Barrett*, 22 Maine, 261 ; *Striker* v. *Mott*, 2 Paige, 387 ; *Ordinary* v. *McClure*, 1 Bailey, 7 ; *Sharp* v. *Dougheny*, 33 Cal. 505.)

As to the conclusiveness of the judgment in ejectment against parties and privies. (Tyler on Ejectment, 563 ; *Carpenter* v. *Schmidt*, 26 Cal. 479 ; *Marshall* v. *Shafter*, 32 Ib. 178 ; *Mahoney* v. *Middleton*, 41 Ib. 41 ; *Stevens* v. *Zimmerman*, 55 Pennsylvania State, 446 ; *Garwood* v. *Garwood*, 26 Cal. 493 ; *Doak* v. *Wiswell*, 33 Maine, 355.)

Plaintiff shows no title or rights acquired since the judgment against his grantor. (*Newell* v. *Carpenter*, 118 Mass. 411; *Mahoney* v. *Van Winkle*, 33 Cal. 448 ; *Emerson* v. *Sansome*, 41 Ib. 552 ; *Campbell* v. *Hall*, 16 N. Y. 579.)

Under the Town Site Act, by force of the entry and payment, a trust at once arose in favor of the several occupants, and the issuance of patent operated by relation for their benefit.

Opinion by GREENE, Chief Justice.

Plaintiff sued in the District Court to recover possession of Lot seven in Block thirteen in the City of Walla Walla. He alleged in usual form his ownership in fee, and right to possession, and the wrongful withholding of such possession by defendant.

Defendant answered, denying plaintiff's ownership, and affirming that he himself is administrator of one Dennis McCraith, deceased, and that in September, 1886, in a certain suit between defendant's decedent and plaintiff's grantor, the title and right to possession of the premises was duly litigated, and was upon such litigation duly adjudged in favor of defendant's decedent. In his reply, the plaintiff denied the litigation and adjudication alleged in the answer.

On the trial it appeared, that in the suit mentioned in the answer there had been no judgment regularly recorded; but evidence was adduced competent, and in our opinion sufficient, to prove that such a judgment had actually been rendered. It was in evidence, also—and about this fact there seems to be no

dispute—that a tract of land, including the premises in controversy, was on July 17th, 1865, entered pursuant to statute, by the city of Walla Walla, and the purchase price then paid into the local Land Office. It further appeared in evidence, that on August 4th, 1886, the city deeded the premises to one J. C. Hawthorne, who afterwards transmitted the paper title by a chain of conveyance to the plaintiff; and that the patent from the United States was issued to the city July 20th, 1869.

The Judge who tried the case—a jury having been waived—found as follows:

"That on the fourth day of September, 1866, Dennis McCraith brought suit in this Court against J. C. Hawthorne, through whom Robert Eakin, the plaintiff, claims title in this suit; and recovered a judgment in 1867 against said Hawthorne for the identical real estate claimed by the plaintiff Eakin in his complaint in this suit.

"As a conclusion of law, I find that the defendant is entitled to a judgment in this case."

To the introduction of the evidence offered to show the former adjudication, and to each of the Judge's findings, exception was duly taken and allowed. Judgment was given for defendant conformably to the legal finding of the Judge, and this judgment is now brought here for reversal by this writ of error.

In making entry of the land, the city acted under the Town Site Act of the 23d of May, 1884 (5 Stat. 657), which was subsequently amended and supplanted by the very similar act of the 2d of March, 1867 (14 Stat. 541). By the entry and payment, and the instant they were consummated, the city of Walla Walla became vested with the legal title to the land. (*Hussey* v. *Smith*, 99 U. S. 20–22.) This title it forthwith and thenceforth held "in trust for the several use and benefit of the occupants thereof, according to their respective interests," and not otherwise. Between plaintiff's grantor, Hawthorne, and defendant's decedent, after the passage of title out of the United States, and after the city had deeded to Hawthorne, the question of occupancy and interest was litigated and determined. That determination was in favor of defendant's decedent, and against Hawthorne, the plaintiff's grantor. Plaintiff is not here claiming any other title than what the city was able to give under

the Town Site Act, nor any other right to ownership or posses-
sion than what his grantor had, or is supposed to have had, at
the date of the litigation.   The result of the litigation, therefore,
bound as privies in estate and representation the parties now in
this Court.

The Judge's findings of fact are so meager, that they do not
cover all the material issues made by the pleadings.   His con-
clusion of law, therefore, does not flow as a logical sequence
from the facts found.   But if advantage was to be taken of
this, there should have been a motion addressed to the Court be-
low, to make additional findings to meet the omitted issues.   It
is obvious, upon the undisputed facts and the findings actually
made, that the substantial rights of the plaintiff are not affected
by the Judge's inadvertence.   We must, therefore, following the
rule laid down in Sec. 113 of the Code, direct that the judg-
ment of the District Court be *affirmed.*