[No. 8167.    Department Two.    December 20, 1909.]

## BARTLETT ESTATE COMPANY, *Respondent*, v. FAIRHAVEN LAND COMPANY et al., *Appellants*.[1]

APPEAL—DECISIONS — REMAND — PROCEEDINGS BELOW — PAYMENTS ADMITTED PENDING APPEAL.    Where, on appeal, a case is remanded with directions to enter a judgment of foreclosure upon a certain debt, it was proper, where it was admitted that payments were made pending the appeal, for the court to determine the amount to be credited by reason of such payments, although they might have been credited on the judgment as well as upon the debt before the judgment directed by the mandate.

JUDGMENT—MATTERS AND PARTIES CONCLUDED—PRIVIES.    Where, on a former appeal, it was determined that the whole mortgage debt had become due by a default and declaration of the assignee, and the case was remanded for judgment for the whole debt, it is proper to deny an intervention by one acquiring an interest pending the appeal and seeking a marshaling of the assets on allowing certain credits; since he was a privy bound by the judgment.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered January 5, 1909, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage upon real estate.    Affirmed.

*Black & Black*, for appellants.

*Newman & Howard*, for respondent.

MOUNT, J.—This is the second appeal in this case.    When it was here before we determined that the trial court had erred in not entering a decree for the entire debt, in allowing a release of certain premises, and in fixing the attorney's fee

[1]Reported in 105 Pac. 846.

based on a foreclosure for a part of the debt. The case was therefore remanded to the lower court with the following directions:

"The judgment appealed from is reversed, and the cause remanded with instructions to enter the usual judgment foreclosing the mortgage for the entire mortgage debt, disallowing the application to release the tract known and described in the mortgage as the Old Colony Wharf strip, and allowing to the plaintiff a reasonable attorney's fee based on the recovery of the entire mortgage debt." *Bartlett Estate Co. v. Fairhaven Land Co.*, 49 Wash. 58, 94 Pac. 900.

The case was here upon a complete record, and was not remanded for a new trial. When the case was remitted to the lower court, counsel for the plaintiff filed a motion for a decree in accordance with the mandate. In this motion it was alleged that certain payments had been made without prejudice upon the debt, by the payment of certain collateral notes held as security in addition to the mortgage, which payments had been made pending the appeal, and were proper credits on the debt, and that no other payments had been made. The defendant Fairhaven Land Company then filed an answer to this motion, denying that no other payments had been made. The answer also contained two alleged affirmative defenses, the first alleging a tender of $11,381 before maturity of one of the notes, thereby cancelling the lien thereof, and the second affirmative defense alleging a transfer of certain of the property by the mortgagor to third parties. The answer prayed for a credit of said $11,381, and for a marshaling of assets. The trial court, upon motion, struck out the affirmative matter. The appellant E. M. Wilson applied to intervene in the action, alleging that he had purchased a part of the mortgaged premises while the appeal was pending, and prayed that the sum of $11,381 be credited upon his purchase, and that the assets be marshaled. This application was denied. The court thereupon heard evidence upon the credits alleged to have been made, and found the whole amount thereof and the amount due upon the mortgage. The court

also fixed the attorney's fee at $6,500, upon the evidence as introduced in the original case, and a decree was entered accordingly. The Fairhaven Land Company and E. M. Wilson, who attempted to intervene, have appealed from that decree.

When the case was remanded to enter judgment foreclosing the mortgage for the entire mortgage debt and to allow the plaintiff a reasonable attorney's fee based on the recovery of the entire debt, the duty of the trial court was plain. This did not mean that the case was to be again tried, or that further evidence was to be taken. It meant that all the issues in the case had been determined, and that a decree should be entered as directed without further hearing. It was, no doubt, proper practice, when it was conceded that payments had been made upon the debt after the appeal had been taken, to give credit for such payments before the judgment was entered. But these credits might just as well have been given upon the judgment, and where there was any dispute as to the correct amount of such credits, it was the duty of the court to try that question and determine the amount to be credited, whether the credits were to be made upon the debt before judgment or upon the judgment itself. The parties in this case sought to have the credits made upon the debt before the judgment was entered. This was done, and, in our opinion, was properly done under the mandate.

One of the questions on the other appeal was whether the whole debt became due on account of the failure of the debtor to pay certain installments, and we held that the whole debt was due and that the assignee had the same right as the mortgagor to declare the whole debt due. It is not claimed that the tender of $11,381 was made upon one of the notes prior to such declaration. The tender was, as a matter of fact, made after the action was begun, and was therefore too late, because the decision in the other appeal determined the time of the maturity of the note upon which the tender was made and the time of maturity of the whole debt, and also

determined the right of appellant and privies claiming under it to litigate that question further. Mr. Wilson also acquired his interest in the mortgaged property while the appeal was pending. He acquired with notice, and is therefore a privy bound by the judgment against his grantor. 23 Cyc. 1253. It is clear therefore that the court properly struck out the further answers of the appellant and properly denied the intervention. There was substantially no dispute upon the items which the court gave credit for upon the debt.

There is no merit in any of the points presented on this appeal, and the judgment is therefore affirmed.

RUDKIN, C. J., DUNBAR, CROW, and PARKER, JJ., concur.