[No. 12458. Department One. May 20, 1915.]

J. OSCAR PETERSON, *Administrator etc., Respondent*, v. CLARA M. TULL *et al., Appellants.*[1]

EXECUTORS AND ADMINISTRATORS—FRAUDULENT CONVEYANCE—SUIT TO SET ASIDE—COMPLAINT—SUFFICIENCY. In an action by an administrator to set aside a transfer of his intestate as in fraud of creditors, it is unnecessary that the complaint allege the names of creditors who would be defrauded by reason of such transfer, where it appears that the estate was insolvent.

FRAUDULENT CONVEYANCES—EQUITABLE TITLE. Where the legal title to property is placed in one and the equitable title remains in the grantor, it is immaterial whether deeds back to the grantor were ever delivered, since equity will lodge the title where in truth it should be.

APPEAL AND ERROR — HARMLESS ERROR — ADMISSION OF EVIDENCE. Testimony of an attorney as to what one of the parties testified to in another case would not be prejudicial error when the same fact is shown by other evidence.

FRAUDULENT CONVEYANCES—ACTION—EVIDENCE. In an action to set aside fraudulent conveyances, evidence is admissible that the fraudulent grantee had testified in another action against her that she had executed a deed back to her grantor.

[1]Reported in 148 Pac. 598.

SAME—BONA FIDE PURCHASERS—SUFFICIENCY OF EVIDENCE. A finding that a grantee is not a purchaser for value and in good faith is sustained although he denied knowledge of the conditions existing, where it appears that the holder of the legal title quitclaimed to him for one dollar, and the circumstances and the evidence of an attorney indicated that he had notice of the equitable title, paid no consideration, and his evidence was evasive and improbable.

SAME—BONA FIDE PURCHASERS—EVIDENCE. In an action to set aside a deed as a fraudulent conveyance, it was not error to permit counsel for the adverse party to interrogate the grantee as to what he paid for the property, when the only objection made was that the testimony was incompetent, irrelevant and immaterial.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered April 28, 1914, in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*John C. Kleber, Fred R. Wright,* and *C. T. McDonald,* for appellants.

*Merritt, Oswald & Merritt,* for respondent.

CHADWICK, J.—E. A. Oliver and Florence A. Oliver, his wife, deceased, were the owners in their lifetime of lots 1, 2, 3, and 4, block 112, Fourth addition to Railroad addition, Spokane, Washington. On the 3d day of January, 1907, the Olivers, being deeply involved in debt, conveyed these four lots to Mrs. Oliver's sister, Clara M. Tull, for a recited consideration of one dollar and other valuable considerations. There was in fact no consideration, and the only object of the conveyance was to put the property beyond the reach of the creditors of the Olivers. On January 31, 1908, the Fidelity & Deposit Company of Maryland commenced an action against the Olivers and Mrs. Tull, the object of which was to make the property so conveyed responsive to a judgment. In that case it was held that the deed was made to defraud creditors, and a judgment in the sum of $8,537.20 was rendered. Thereafter Mrs. Tull sold a part of lots 3 and 4 for enough to pay the judgment. There remained in her name lots 1 and 2 and fifty feet off the south side of

lots 3 and 4. Mrs. Mabel Grovenor was the administratrix of the estate of the Olivers, and so continued until October 3, 1913, when she was removed.

On December 19, 1913, J. Oscar Peterson was appointed administrator *de bonis non.* Mrs. Grovenor, when acting as administratrix, caused all of the property last above described to be inventoried as the estate of her brother. The mother of Mrs. Oliver also brought a suit against the administratrix and all parties interested, setting up the claim that lots 1 and 2 had been, and were, the separate property of Mrs. Oliver, and that she was the sole heir of Mrs. Oliver. The court so decreed. In that case Mrs. Tull testified as a witness that she had signed a deed reconveying the property to the Olivers. This fact was also testified to by the attorney who drew the deed. It is doubtful whether this deed was ever delivered. Thereafter it occurred to the attorney, who seemed to be acting for both the administratrix and Mrs. Tull, that a deed signed by the wife alone would not be sufficiently formal to pass the title without suspicion of a community interest in her husband. He accordingly drew a deed to be signed by Mr. and Mrs. Tull. This he gave to Mr. Oliver, who returned it to him with their signatures upon it. The attorney, and those who are interested in sustaining the interest of appellants, testified that it was understood that the Tulls were to go to the office of the attorney and there acknowledge the deed. It is likely that they never did so. Mr. and Mrs. Tull thereafter made a quitclaim deed in favor of A. D. Grovenor, the husband of the former administratrix of the estate, for a recited consideration of one dollar. The respondent administrator thereupon brought suit to set aside the conveyance to Grovenor and make the lots subject to the debts and expenses of the estate of the Olivers, it being alleged that it was necessary to so charge the property, there being no personal property out of which to meet the expenses of the administration and existing debts. The court below made no findings of fact, but decreed that

the defendants had no right, title or interest in any of the property, and accordingly quieted title thereto in the plaintiff as against the defendants and all persons claiming by, through or under them.

Appellants first contend that a motion to make the complaint more definite and certain and a demurrer to the complaint should have been sustained. We shall not discuss these assignments other than to say that we think it was unnecessary for the plaintiff to allege the names of creditors who would have been defrauded by the transfers. Plaintiff sued as administrator, and the allegation that there is a deficiency in the amount of money necessary to pay the claims against said estate was sufficient to pass the complaint over a motion to make more definite and certain and a demurrer, where the case has been tried on its merits. Under repeated rulings of this court, we will regard such assignments as technical objections and consider only the merits of the case.

The real contention of the appellants is that the deed by Mrs. Tull and her husband was never delivered, that title remained in Mrs. Tull, and that A. D. Grovenor was a purchaser in good faith for value and without notice of any superior equities. Many cases are cited to sustain the contention that a delivery of a deed must be clearly and satisfactorily proved, and that creditors cannot maintain an action to set aside conveyances as to it unless it is alleged and proven that there is no other property out of which the debt can be paid. It seems to us that these contentions are not well founded. The rules relied upon are well established and have been frequently asserted by this court. The real question in this case strikes deeper and rests upon an entirely different principle. The first consideration is, not whether Mrs. Tull conveyed the property in fraud of creditors, but whether she ever had title to the property, and if so, what was the extent and character of that title. The Olivers placed the legal title in her. That the equitable title remained in the Olivers there can be no doubt. It follows, then, that it is entirely

immaterial whether the deeds executed by Mrs. Tull and her husband were ever delivered. Equity will define and lodge the title where in truth it should be, whether any deeds were executed, formally or informally or were delivered or not delivered. The execution and delivery of instruments, when considered in a case of this kind, are not considered for the purpose of making a chain of title, but as circumstances bearing upon the equities of the case. They are declarations against interest.

There being no real controversy sustainable by any fact or inference of fact to be drawn from the record that Mrs. Tull ever had title to this property, the conclusion is inevitable that the Tulls and Mrs. Grovenor have no interest in the property, and therefore no interest in the defense of this case.

The attorneys in the case brought by Mrs. Oliver's mother were called as witnesses in this case, and testified that Mrs. Tull there testified that she had executed the deeds to which we have referred. This is assigned as error. It was not error, but if it were, the fact is shown by independent evidence and it would not be prejudicial.

The only question remaining is whether A. D. Grovenor was a purchaser for value and in good faith. This is a question of fact. Although he denied that he had any knowledge of the conditions existing, or that the property was in fact the property of the Olivers, or that he knew of the admitted knowledge of his wife, who acted as administratrix, the trial judge, in reliance upon the general circumstances of the case and the testimony of one of the attorneys for the parties in the suit brought by the mother of Mrs. Oliver that he had talked the matter over with Mr. Grovenor, held that he did have such knowledge.

It is contended that the court erred in allowing respondent's counsel to ask appellant A. D. Grovenor what he paid for the property. This contention is not sustained by any pertinent authority, nor do we think it could be so sustained.

Whether Grovenor bought the property without notice that the equitable title was in the Olivers and for value is the real issue in the case.   The only objection made was that the testimony was incompetent, irrelevant and immaterial, not that it was improper cross-examination.   The evidence was not incompetent, irrelevant or immaterial.   Moreover, we have carefully read the testimony of appellant A. D. Grovenor and are satisfied that he never paid any consideration whatever for the property.   His testimony is evasive and contradictory and altogether improbable.

The decree is supported by a preponderance of the evidence.

Affirmed.

MORRIS, C. J., PARKER, MOUNT, and HOLCOMB, JJ., concur.