[No. 21892. Department Two. July 18, 1929.]

GEORGE L. SCHAFFER, *Appellant*, v. GEORGE I. STEVER, as *Sheriff, Respondent.*[1]

*O. T. Webb* and *Louis A. Merrick,* for appellant.

*Coleman & Fogarty* and *W. P. Bell,* for respondent.

MAIN, J.—This is a controversy over the furnishings and furniture in the Virginia Hotel in the city of Everett. May 10, 1927, Grace M. Abrahams transferred the property in question to George L. Schaffer. March 15, 1928, S. K. Painter recovered a judgment against Mrs. Schaffer (who for convenience will be hereafter referred to as Mrs. Abrahams), and sometime thereafter caused an execution to be issued and levied upon the furnishings and furniture in the Virginia Hotel. Schaffer claimed the property adversely in the manner provided for in Rem. Comp Stat., § 573. The matter came on for hearing before the court without a jury, and resulted in a holding that the transfer to Schaffer was without consideration, and authorized a sale of the property sufficient to satisfy the judgment

[1]Reported in 279 Pac. 390.

above referred to. From the judgment sustaining the execution, Schaffer appeals.

▮ Upon this appeal, the correctness of the judgment of Painter against Abrahams, upon which the execution was based, appears to be questioned. That judgment was not appealed from and is final and conclusive against the appellant, who was the transferee of the judgment debtor. In *Le Herisse v. Hess,* 57 Atl. (N. J.) 808, it is said:

"The general rule is that a grantee of the judgment debtor cannot, in a suit brought to set aside a deed fraudulent against creditors, question the validity of the debt upon which the judgment against his grantor was founded." (Citing authorities.)

The case of *State ex rel. Olding v. Stampfly,* 69 Wash. 368, 125 Pac. 148, is to the same effect.

▮ The transfer to the appellant of the property in controversy was made as a gift, or at most in consideration of what Mrs. Abrahams considered a moral obligation. The testimony of the appellant upon this question was as follows:

"Q. Now, Mr. Schaffer, what Mr. Fogarty asked you was: What did Mrs. Abrahams get for the assignment she made to you on May 10, 1927? How did you happen to get the assignment? Speak right up and tell the court. . . . A. Well, it was turned over for love and affection more than anything. Q. Well, that was the size of it, was it, Schaffer? A. Yes sir; just a gift."

Mrs. Abrahams testified as follows:

"Q. How did you happen to give this paper to Mr. Schaffer on that day. . . . A. Why, I gave it to him as a gift in consideration of money he lost in investing in an investment of my former husband a number of years ago. Q. In other words, you recognized a moral responsibility and gave him— A. Yes sir."

A transfer being made as a gift or for a moral consideration was not good as against existing creditors. *Carkeek v. Boston Nat. Bank,* 16 Wash. 399, 47 Pac. 884; *Peterson v. Tull,* 85 Wash. 546, 148 Pac. 598. The debt or obligation which gave rise to the judgment in the case of *Painter v. Abrahams* was in existence at the time Mrs. Abrahams transferred the furniture and furnishings of the hotel to the appellant. The transfer was therefore subject to the then existing indebtedness of Mrs. Abrahams.

The judgment will be affirmed.

BEALS, MILLARD, FRENCH, and PARKER, JJ., concur.