[No. 34956.   Department Two.   October 22, 1959.]

ROYAL N. RIBLET *et al., Respondents,* v. IDEAL CEMENT COMPANY, *Appellant.*[1]

¹Reported in 345 P. (2d) 173.

*Witherspoon, Kelley, Davenport & Toole,* for appellant.

*A. O. Colburn* and *Leo H. Fredrickson,* for respondents.

FOSTER, J.—Defendant below appeals from a verdict awarding respondents, plaintiffs below, $10,800 nuisance damages against appellant, Ideal Cement Company.

This is the latest in a series of actions by Riblets, respondent owners, against appellant's predecessor, the Spokane-Portland Cement Company, and now against appellant. Appellant bought the plant from the Spokane-Portland Cement Company on October 1, 1954. The first action was instituted in 1950, and a new one has been filed every two years thereafter. *Riblet v. Spokane-Portland Cement Co.*, 45 Wn. (2d) 346, 274 P. (2d) 574; *Riblet v. Spokane-Portland Cement Co.*, 41 Wn. (2d) 249, 248 P. (2d) 380.

Riblets claim that cement dust, resulting from cement manufacturing at appellant's plant, has been deposited on their premises and has interfered with the use of the property and with their mode of life, thus constituting a nuisance. This process of manufacturing and the consequent nuisance by dust has continued, and has, the Riblets contend, continuously damaged them. However, the controlling statute of limitations is two years (*Riblet v. Spokane-Portland Cement Co.*, 41 Wn. (2d) 249, 248 P. (2d) 380), which has resulted in a new action biennially. The interval with which we are presently concerned is from October 13, 1954 to October 13, 1956.

Four errors are assigned: (1) The court's instructions respecting the appellant's liability; (2) the exclusion of testimony touching liability; (3) remarks made by the judge alleged to be prejudicial; and (4) allowing the jury to view respondents' premises.

The first two assignments can be dealt with together.

A fact or question decided by a prior final judgment binds the parties and all persons in privity with them, and cannot be relitigated by them in either the same or a different cause of action. *Rufener v. Scott*, 46 Wn. (2d) 240, 280 P. (2d) 253; *Woodruff v. Coate*, 195 Wash. 201, 80 P. (2d) 555; *Munson v. Baldwin*, 88 Wash. 379, 153 Pac. 338.

Appellant contends that there is no privity between it and the former owner, the Spokane-Portland Cement

Company. This is clearly erroneous. A purchaser of property, before or after judgment affecting it, is in privity with the vendor for the purposes of the judgment, and is concluded thereby. *Schaffer v. Stever,* 153 Wash. 116, 279 Pac. 390; *State ex rel. Olding v. Stampfly,* 69 Wash. 368, 125 Pac. 148; *Bartlett Estate Co. v. Fairhaven Land Co.,* 56 Wash. 434, 105 Pac. 846; *Eakin v. McCraith,* 2 Wash. Terr. 112, 3 Pac. 838; *In re Miller's Estate,* 189 Ore. 246, 218 P. (2d) 966; 15 Halsbury's Laws of England (3rd ed.) 196, § 372; Restatement, Judgments, 433, 435, § 89 (c).

Appellant, Ideal Cement Company, is in privity with the former owner.

■ The rule of estoppel by judgment, sometimes called collateral estoppel, controls here.[2] Judgments in prior actions between the Riblets and appellant's privy determined the rights and liabilities of the parties and the law applicable thereto. In the absence of a major factual change, the prior judgment binds these parties. *Bodeneck v. Cater's Motor Freight System,* 198 Wash. 21, 86 P. (2d) 766; *Hamm v. Seattle,* 140 Wash. 427, 249 Pac. 778.

In the case of a continuing nuisance, the *Bodeneck* case, *supra,* controls. We there said:

"It is well settled that, under the doctrines of *res judicata* and estoppel by judgment, neither the same facts nor identical facts may be relitigated. In cases involving continued nuisances, it is the general rule that a plaintiff, having once recovered, may recover for subsequent damage, if his complaint is supported by evidence, and may rely upon the prior judgment in his favor as determining the law of the case. . . ."

In *Hamm v. Seattle, supra,* this court approved the following statement from 2 Black on Judgments (2d ed.) 1118, § 742:

---

[2]This is to be distinguished from *res judicata,* for which the requirements are more stringent and which has a wider range of conclusiveness. See *Com'r of Internal Revenue v. Sunnen,* 333 U. S. 591, 92 L. Ed. 898, 68 S. Ct. 715; *Cromwell v. County of Sac,* 94 U. S. 351, 24 L. Ed. 195; 15 Halsbury's Laws of England (3rd ed.) 181, § 355; 50 C. J. S. 143, § 687; Restatement, Judgments, 156, 157, chapter 3 (Introductory note); Annotation, 88 A. L. R. 574. See, also, 65 Harvard L. Rev. 817.

" 'According to the generally accepted doctrine, in an action for the continuance of a trespass or nuisance, a former proceeding upon the same cause of action and between the same parties, or those under whom they claim, wherein judgment was recovered by the plaintiff, is conclusive of the rights of the parties; the defendant is estopped to deny the existence or character of the nuisance or the plaintiff's right to recover, and the latter need only prove that the nuisance remains in the same condition as before, or in a more or less damaging condition.' "

In 2 Freeman on Judgments 1491, § 706, the law is clearly and correctly stated as follows:

"A former judgment is conclusive in a second suit between the same parties where the same legal right as that involved in the former suit comes again in issue although the second suit is on a different cause of action. This applies to successive suits brought on a continuing or recurring obligation. Thus in a second action for damages from a continuing nuisance or trespass, the judgment in a former action for damages from the same nuisance or trespass is conclusive as to the rights of the parties, except as they may be affected by a material change in the conditions in the interim. If judgment was for the plaintiff it conclusively establishes his right to any further damages shown to have resulted from the same cause. And the mere fact that some changes in the conditions may have occurred is immaterial if they are not shown to have affected the result . . . "[3]

By prior judgment, the law of the case is that, if the discharged cement dust interfered unreasonably with the Riblets' use and enjoyment of their property, the dust constituted a nuisance and the Riblets were entitled to compensation for the damages sustained thereby. Reasonableness is the crux of the matter. Riblets proved the requisite interference—that is, a large deposit of cement dust in the interval involved and the resulting damage.

In the absence of a material change in the conditions, respondents can rely on the legal relations previously set-

---

[3] Accord, *Kelly v. City of Cape Girardeau*, 338 Mo. 103, 89 S. W. (2d) 41, reversing 228 Mo. App. 865, 72 S. W. (2d) 880; *Miller v. Diepolder*, 134 N. J. Eq. 56, 33 A. (2d) 832; 50 C. J. S. 168, 179, § 712.

tled. Respondents need only prove that a new cement deposit has interfered unreasonably with the use and enjoyment of their property, and the ensuing damage.

■ ▆▆ No major change was proved. Appellant's proof was only that a smaller amount of dust was expelled from the factory. No different plant use was shown. On the other hand, appellant admitted the same plant use as before and that dust was expelled, although in a smaller amount. Whether the amount of dust so deposited upon respondents' property between 1954 and 1956 was sufficient to interfere unreasonably with the use and enjoyment of the property was a jury question.

No more is necessary than to submit such determination to the jury under the instruction that, to warrant recovery, the interference must have been unreasonable. The presumption of reasonableness prevails throughout, and is rebutted by contrary evidence which the jury finds persuasive. There was evidence of unreasonable interference. It was thus for the jury to decide and merited an instruction.

▆▆ The presumption extends to the Riblets as well. They are presumed to be reasonable people, ordinary in their reactions to given situations. In the absence of evidence to the contrary, this presumption becomes conclusive and is not an issue for the jury. There was no such evidence, and, both judge and jury were entitled to assume the reasonableness of respondents' reactions. An instruction in this regard was, therefore, unnecessary.

■▆ The necessary instructions on liability were given. Actually, there were more instructions than necessary, from which, far from being aggrieved, appellant was benefitted. It cannot, therefore, complain concerning the extra instructions so long as they did not confuse. Confusion did not result. The instructions of the trial court looked at as a whole were clear.

▆▆ For the above reasons, it was proper for the trial court to exclude testimony immaterial to the amount of dust which fell on the Riblet property and to the alleged interference with the use and enjoyment of that property.

Appellant complains of the remarks of the trial court in ruling upon the admissibility of Mrs. Riblet's testimony. The objection was that she was not an expert. The remark was "I think the average housewife is an expert on dust. She may answer."

This remark was addressed to appellant's counsel in ruling upon his objection and is not within the constitutional prohibition of Art. IV, § 16, of the Washington constitution. *State v. Rio,* 38 Wn. (2d) 446, 230 P. (2d) 308, states the controlling rule of law in the following words:

"These remarks were addressed to counsel in ruling upon appellant's objection. They were not made to the jury, and do not indicate that the court believed or disbelieved the testimony being elicited. That the court may give his reasons for ruling upon an objection, is well settled in this state. *State v. Mann,* 39 Wash. 144, 81 Pac. 561; *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841; *State v. Adamo,* 128 Wash. 419, 223 Pac. 9; and *State v. Elder,* 130 Wash. 612, 228 Pac. 1016,

"To be a comment on the evidence within the purview of the constitutional prohibition, the jury must be able to infer from what the court said or did that he personally believed or disbelieved the testimony in question. *State v. Brown,* 19 Wn. (2d) 195, 142 P. (2d) 257; *State v. Hart,* 26 Wn. (2d) 776, 175 P. (2d) 944; and *State v. Clayton,* 32 Wn. (2d) 571, 202 P. (2d) 922."

Appellant complains of the following remark made in passing on respondents' objection to the admissibility of the analysis of the cement company's dust survey. While the evidence was admitted, the court said, "It is rather time-consuming, but he may put it in the record." This assignment falls in the same category, and is without merit.

The final error is assigned to the court's permitting the jury to view the Riblet property. The contention is that the jury was prejudiced by a view not only of the cement dust which had accreted during the two-year interval in question but by the deposit of dust both before and after that period.

A view of the premises is for the purpose of better understanding the evidence admitted, and not for the purpose of taking new evidence. *Steadman v. Shackelton,* 52

Wn. (2d) 22, 322 P. (2d) 833; *Portland-Seattle Auto Freight v. Jones,* 15 Wn. (2d) 603, 131 P. (2d) 736. In the instant case, the object of the view was just that, and the jurors were instructed prior to their view of the premises that the presentation of evidence had been concluded. They were further instructed that, although the job of segregating the cement dust for the relevant period was a difficult one, it was their duty to do so. This was strongly impressed upon them, and there is no showing by appellant that these instructions were in any way disregarded.

Permitting the jury to view the premises is in the discretion of the trial court and, where no abuse is shown, the judge's discretion will not be overturned. *Finn v. Bremerton,* 118 Wash. 381, 203 Pac. 971; *Vizzaro v. King County,* 130 Wash. 398, 227 Pac. 497; *Lundquist v. Coca-Cola Bottling Co.,* 42 Wn. (2d) 170, 254 P. (2d) 488. Allowing the view in this case may have been inadvisable, but it was not an abuse of discretion, and no prejudice to appellant is shown to have resulted therefrom.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.